UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

JOSE L. ROMAN PADILLA

    Debtor

U.S. BANK, NATIONAL ASSOCIATION
TRUSTEE FOR THE PENNSYLVANIA HOUSING
FINANCE AGENCY

    Movant

vs.

JOSE L. ROMAN PADILLA and CHARLES
J. DEHART, III, Trustee

    Respondents

: BANKRUPTCY NO. 5-19-04446-RNO

: CHAPTER 13

## MOTION TO OBTAIN RELIEF FROM STAY

**TO THE HONORABLE ROBERT N. OPEL, II,    U. S. BANKRUPTCY JUDGE:**

    AND NOW comes U.S. Bank, National Association Trustee for the Pennsylvania Housing Finance Agency, by its attorneys, Purcell, Krug & Haller, and files this Motion to obtain relief from the automatic stay pursuant to Section 362(d) of the Bankruptcy Code as follows:

1. That this is a contested matter under Rule 9014 brought pursuant to 11 USC Section 362(d).

2. Movant, U.S. Bank, National Association Trustee for the Pennsylvania Housing Finance Agency, is a corporation with an office located at 211 North Front Street, Harrisburg, Pennsylvania 17101.

3. Respondent, Jose L. Roman Padilla, are adult individuals whose last known address is 645 Lincoln Avenue, Hazleton, Pennsylvania 18201.

4. Respondent, Charles J. DeHart, III, is the Trustee duly appointed in the above case with a place of business at Suite A, 1825 Adams Drive, Hummelstown, Pennsylvania 17036.

5. On or about May 17, 2010, Respondent executed and delivered a Note in the sum of $71,250.00, payable to National Penn Bank, a copy of said Note being attached hereto and made a part hereof as Exhibit "A".

6. Contemporaneously with and at the time of the execution of the aforesaid Note, in order to secure payment of the same, Respondents executed and delivered to National Penn Bank a certain real estate Mortgage, recorded in the Office of the Recorder of Deeds of Luzerne County, Pennsylvania, recorded in Mortgage Book 3010, Page 98427 on June 11, 2010, conveying to National State Bank the real estate described therein. Said Mortgage is incorporated herein by reference. Said Mortgage was subsequently assigned to The Pennsylvania Housing Finance Agency as recorded in the aforementioned County in Mortgage Book 3010, Page 98455 on June 11, 2010. Said Mortgage was further assigned to U.S. Bank, National Association Trustee for the Pennsylvania Housing Finance Agency as recorded in the aforementioned County, a copy of the Assignment of Mortgage attached hereto and made a part hereof as Exhibit "B".

7. The land subject to the Mortgage is known and numbered at 645 Lincoln Street, Hazleton, Pennsylvania 18201.

8. The balance owed Movant is approximately $75,000.

9. Other liens against the property are:

> Mortgage: Pennsylvania Housing Finance Agency dated May 17, 2010 and recorded June 11, 2010 in Book 3018, Page 324331 in The amount of $6,500.00

10. The value of the real estate is approximately $80,000.00 (per Debtor's Schedules).

11. No equity exists in said property for the benefit of the unsecured creditors.

12. Status of Foreclosure Action: Complaint in Mortgage Foreclosure filed August 31, 2016, to Case No. 2016-09075, in Luzerne County, Pennsylvania.

13. Debtor has failed to make 7 post-petition mortgage payments to Movant (7 payments at $679.00).

14. Movant is entitled to relief for cause.

WHEREFORE, Movant prays for the entry of an Order terminating the automatic stay and granting Movant leave to exercise its State Court foreclosure remedies and that such further relief be granted as your Honorable Court deems fair and equitable.

                                            PURCELL, KRUG & HALLER

                                            /s/ Leon P. Haller
                                               Leon P. Haller
                                               Attorney for Movant
                                               1719 North Front Street
                                               Harrisburg, PA  17102-2392
                                               (717)234-4178
                                               Attorney ID #15700
                                               Attorney for Movant
Dated: November 23, 2020           lhaller@pkh.com

# NOTE

May 17, 2010
[Date]

Bethlehem
[City]

PENNSYLVANIA
[State]

645 Lincoln Street
HAZLETON, PENNSYLVANIA 18201

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $71,250.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **National Penn Bank, Corporation**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 4.9500%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st** day of each month beginning on **July 01, 2010**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **June 01, 2040**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **24 North Reading Avenue, Boyertown, PENNSYLVANIA 19512**

or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $380.32

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

(ITEM 1545L1 (0312))

(Page 1 of 3 pages)

Form 3200 1/01
GreatDocs™
To Order Call: 1-800-968-5775

*Padilla*

Exhibit "A"

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT  Form 3200 1/01
ITEM 1646L2 (0312)                           (Page 2 of 3 pages)                          GreatDocs™
                                                                                To Order Call: 1-800-968-5775

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)      _____ (Seal)
Jose E Roman Padilla    -Borrower                           -Borrower

_____ (Seal)      _____ (Seal)
                        -Borrower                           -Borrower

_____ (Seal)      _____ (Seal)
                        -Borrower                           -Borrower

PAY TO THE ORDER OF
Pennsylvania Housing Finance Agency                              [Sign Original Only]
WITHOUT RECOURSE
NATIONAL PENN BANK

PAULETTE STRUNK
MANAGER OF RETAIL OPERATIONS

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3200 1/01
ITEM 1646L3 (0312)                              (Page 3 of 3 pages)                      GreatDocs™
                                                                                To Order Call: 1-800-968-8776

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| JOSE L. ROMAN PADILLA | : BANKRUPTCY NO. 5-19-04446-RNO |
| Debtor | : |
| | : CHAPTER 13 |
| U.S. BANK, NATIONAL ASSOCIATION TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY | : |
| Movant | : |
| vs. | : |
| JOSE L. ROMAN PADILLA and CHARLES J. DEHART, III, Trustee | : |
| Respondents | : |

**CERTIFICATE OF NONCONCURRENCE**

**Debtors and Trustee have not concurred with the request for relief in this Motion.**

                    /s/Leon P. Haller
                    **Leon P. Haller**

**Dated: November 23, 2020**

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

JOSE L. ROMAN PADILLA

        Debtor

: BANKRUPTCY NO. 5-19-04446-RNO

: CHAPTER 13

U.S. BANK, NATIONAL ASSOCIATION
TRUSTEE FOR THE PENNSYLVANIA HOUSING
FINANCE AGENCY
        Movant
  vs.

JOSE L. ROMAN PADILLA and CHARLES
J. DEHART, III, Trustee

        Respondents

## POST-PETITION PAYMENT HISTORY
### NOTE AND MORTGAGE DATED MAY 17, 2010

Recorded on June 11, 2010, in Luzerne County in Book 3010, Page 98427

**Property Address:**
645 LINCOLN STREET, HAZLETON, PA 18201

**Mortgage Servicer:**
PENNSYLVANIA HOUSING FINANCE AGENCY

Post-Petition mailing address for Debtor(s) to send payment:
211 NORTH FRONT STREET, HARRISBURG, PA 17101

**Mortgagor(s)/Debtor(s):**
JOSE L. ROMAN PADILLA

Payments are contractually due:

Monthly __X__    Semi-Monthly _____    Bi-Weekly _____    Other _____

Each Monthly Payment is comprised of:
Principal and Interest. . . . . . . .$423.82
R.E. Taxes and insurance . . . . . $255.18
Late Charge. . . . . . . . . . . . . . _____
Other. . . . . . . . . . . . . . . . . . _____   (Specify: _____)
TOTAL. . . . . . . . . . . . . . . . . $679.00

Case 5:19-bk-04446-RNO    Doc 33    Filed 11/23/20    Entered 11/23/20 12:11:31    Desc
Main Document    Page 8 of 12

POST-PETITION PAYMENTS (Petition was filed on 10/14/2019)

| PAYMENT AMOUNT DUE | DATE PAYMENT WAS DUE | DATE PAYMENT WAS RECEIVED | AMOUNT RECEIVED | CHECK NUMBER | HOW PAYMENT WAS APPLIED (MO.YR.) |
|---|---|---|---|---|---|
| <div align="center">**DEBTOR PLACED $4,320.00 (6 PAYMENTS) IN POST-PETITION PAYMENTS INTO HIS AMENDED PLAN.**<br><br>**NO POST-PETITION PAYMENTS MADE TO DATE.**</div> | | | | | |

TOTAL # OF POST-PETITION PAYMENTS PAST DUE: 7 as of 11/23/2020

TOTAL AMOUNT OF POST-PETITION ARREARS: $4,901.33 as of 11/23/2020 (7 payments at $679.00 and 7 late charges at $21.19)

Dated: 11/24/2020        /s/Leon P. Haller
                         Counsel

                         Pennsylvania Housing Finance Agency
                         Mortgage Company

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) (names(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

**JOSE L. ROMAN PADILLA**
Debtor(s)

Chapter: 13

Case number: **5-19-06664-RNO**

U.S. Bank, National Association, as Trustee for Pennsylvania Housing Finance Agency

Matter: Motion to Obtain Relief From Stay

**JOSE L. ROMAN PADILLA** and
Charles J. DeHart, III, Trustee,
Respondents

Notice is hereby given that:

The debtor(s) filed a Chapter 13 Bankruptcy Petition on April 9, 2019.

**Notice**

A hearing on the above reference matter has been scheduled for:

| | |
|---|---|
| United States Bankruptcy Court<br>Middle District of PA<br>274 Max Rosenn U.S. Courthouse<br>197 South Main Street, Courtroom 2<br>Wilkes-Barre, PA 18701 . | Date: **DECEMBER 17, 2020**<br><br>Time: **9:30 A.M.** |

Any objection/response to the above referenced matter must be filed and served on or before **December 7, 2020.**

If service was properly made and Respondent(s) fail to file an objection/response by the above specified date, the Court **may** determine after review of the Motion that no hearing is required and grant the relief requested.

If a default order has not been signed and entered, the parties or their counsel are required to appear in Court at the hearing on the above date and time.

| Date: November 23, 2020 | Movant's Name, Address, Phone Number:<br>Leon P. Haller, Esquire<br>1719 North Front Street<br>Harrisburg, PA 17102-2392<br>(717)234-4178        lhaller@pkh.com |
|---|---|

**FORM C**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN THE MATTER OF:

)
) Chapter:
)
) Case Number:
)
DEBTOR(S) )

**CERTIFICATE OF SERVICE**

I certify that I am more than 18 years of age and that on _____, I served a copy of _____ on the following parties in this matter:

| Name and Address | Mode of Service |
|---|---|
|  | Regular US Mail<br>First Class Service<br>Postage prepaid |
| (debtor's attorney) | VIA ECF/CM |
| CHARLES J. DEHART, III, TRUSTEE | VIA ECF/CM |
|  |  |
|  |  |

I certify under penalty of perjury that the foregoing is true and correct.

Date: 11/23/2020

Name: s/ LEON P HALLER
*Printed Name of Attorney*
Address:
1719 N. Front Street, Harrisburg, PA 17102

Revised: 03/22/05

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

JOSE L. ROMAN PADILLA

    Debtor

BANKRUPTCY NO. 5-19-04446-RNO

CHAPTER 13

U.S. BANK, NATIONAL ASSOCIATION TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY

    Movant

vs.

JOSE L. ROMAN PADILLA and CHARLES J. DEHART, III, Trustee

    Respondents

## ORDER

Upon consideration of the Motion of U.S. Bank, National Association Trustee for the Pennsylvania Housing Finance Agency to Obtain Relief from Stay, it appearing to the Court that no Answer or Response has been timely filed, the Motion is hereby granted and the automatic stay is terminated as to the Movant relative to property situate at 645 Lincoln Street, Hazleton, Pennsylvania 18201.